# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BOSWORTH, | Case No.: ED CV 13-348 DMG (SSx) |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter is before the Court following a three-day bench trial that took place on November 21, 22, and 28, 2016. Plaintiff Glenn Bosworth appeared on behalf of himself. Kevin Finn appeared on behalf of Defendant United States of America.

Having carefully reviewed and considered the evidence and the arguments of counsel, as presented at trial and in their written submissions, the Court issues the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

//

# I.
# FINDINGS OF FACT[1]

**A.     The Softball Field**

1. The United States owned and operated the softball field at Federal Correctional Institution, Lompoc ("FCI-Lompoc") at all times relevant to this action.

2. At the time of the relevant events on April 8, 2012, Bureau of Prisons ("BOP") staff at FCI-Lompoc maintained the softball field, by cutting the outfield grass every one to two weeks as needed, and grooming the infield dirt.

3. BOP staff groomed the dirt more frequently than they cut the grass.

4. A six-person inmate crew inspected the softball field on a daily basis.

5. The BOP required this inspection crew to report any defects or irregularities in the softball field to the BOP recreation staff.

6. In turn, BOP staff were required to enter any reported defects or irregularities into a maintenance log.

7. The outfield grass was approximately 32 feet from first base.

8. The bases on the softball field were 60 feet apart.

9. At a minimum, the BOP has regularly maintained the softball field since approximately 2006, when BOP employee Joseph Brady became Recreation Specialist at FCI-Lompoc and oversaw maintenance of the softball field along with BOP employee Paul Farley.

10. Hundreds of softball games are played on the FCI-Lompoc softball field every year.

11. Bosworth and his fellow inmate witnesses testified that a three to four-inch "raised step condition" existed in the softball field behind first base on April 8, 2012 at the transition between the dirt infield and the grass outfield.

---

[1] To the extent any of the Court's findings of fact may be considered conclusions of law or vice versa, they are so deemed.

1 | 12. Defendant's witnesses testified, however, that the infield dirt on April 8, 2012 transitioned gradually into the outfield grass behind first base, with the height of the grassy outfield border being no more than approximately one inch higher than the infield dirt.

13. Because the dispute as to whether a three to four-inch raised step condition existed turns on the credibility of the witness testimony, the Court finds that Defendant's witnesses were more credible, especially in light of the other circumstantial evidence described below.

14. Prior to April 8, 2012, there were no records of any reports from FCI-Lompoc staff or FCI-Lompoc inmates concerning falls or injuries caused by a three to four-inch raised step condition anywhere on the field located between the dirt infield and the grass outfield.

15. Bosworth's own witness, former inmate Bernard Ward, made statements that contradicted Bosworth's assertions regarding a raised step condition behind first base. Even though Ward's April 29, 2014 declaration refers to the transition between the dirt infield and the grass outfield as a "stepped up configuration," [Doc # 232 at 11], he repeatedly described the transition as a "drop off" during his in-court testimony. These statements cast doubt on the accuracy of Ward's testimony.

16. The softballs used at FCI-Lompoc are approximately four inches in diameter.

17. Notwithstanding that hundreds of softball games occur each year, there have been no reports of ground balls being stopped by or bouncing back from a three to four-inch raised step condition located at the transition from the dirt infield transition to the grass outfield before or after April 8, 2012.

**B.     Plaintiff's April 8, 2012 Fall**

18. Bosworth is a federal inmate formerly housed at FCI-Lompoc.

19. At some point before arriving at FCI-Lompoc, Bosworth was a little league coach and taught kids how to play baseball.

20. On April 8, 2012, Bosworth decided to participate in a softball game on the softball field at FCI-Lompoc.

21. This was Bosworth's first time playing on the field.

22. During his second time at bat, Bosworth hit a ground ball to the short stop and ran as fast as he could to first base.

23. By the time Bosworth made it to first base, he was already out—the first baseman had caught the ball from the teammate who fielded it.

24. Due to the momentum of his run to first base, Bosworth continued to run past first base towards the grass outfield and fell as the dirt infield transitioned to the grass outfield.

25. He then sustained a closed comminuted displaced intra-articular fracture of his left wrist (hereinafter, "broken wrist") and subsequently underwent surgery for the injury.

26. Bosworth testified that the broken wrist later developed into a shaking condition, or movement disorder, in his left arm.

27. During his in-court testimony, Bosworth demonstrated this condition when he elevated his left arm while standing.

28. His left arm and left upper extremity started to convulse, his speech became slurred, and he subsequently fell to the ground.

29. The shaking and slurred speech ended as soon as Bosworth lowered his arm.

30. Bosworth failed, however, to present any medical expert who could testify as to the cause of this shaking condition.

31. In contrast, Defendant presented the testimony of Dr. Philip Ente, who personally examined Bosworth in April 2014.

32. Dr. Ente stated that the movement disorder Bosworth complained of was highly atypical and "nonorganic," a euphemism that there is no physiological explanation for the shaking to occur in the manner described and demonstrated by Bosworth.

33. The Court did not find Bosworth's demonstration and explanation of the movement disorder or shaking condition to be credible.

## II.
## CONCLUSIONS OF LAW

1. Bosworth brings this action for negligence against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671 *et seq.*

2. The FTCA authorizes federal inmates held in correctional facilities to bring claims against the United States for personal injuries they sustained as result of the negligent or wrongful act or omission of a government employee acting within the scope of his or her employment. *United States v. Muniz,* 374 U.S. 150, 150 (1963).

3. District courts may consider these claims under circumstances where the United States, if it were a private individual, would be liable under the law of the state where the claim arose. 28 U.S.C. §§ 1346(b)(1), 2674.

4. Under the FTCA, the law of the place where the allegedly negligent act or omission occurred governs the substantive law applied. 28 U.S.C. § 1346(b); *Richards v. United States*, 369 U.S. 1, 9 (1962).

5. The Court therefore applies California negligence law in analyzing Bosworth's claims and Defendant's defenses.

6. To establish negligence, a plaintiff must prove by a preponderance of the evidence that the defendant had a legal duty to use due care, the defendant breached that duty, and the breach was the proximate or legal cause of the resulting injury. *Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 926 (N.D. Cal. 2014) (quoting *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013)).

7. Bosworth has failed to prove by a preponderance of the evidence that a three to four-inch raised step condition existed on the FCI-Lompoc softball field between the dirt infield and the grass outfield on April 8, 2012.

8. Bosworth has failed to prove by a preponderance of the evidence that his April 8, 2012 fall behind first base on the softball field resulted from a three to four-inch raised step that Defendant negligently allowed to exist on the softball field.

9. Bosworth has failed to prove by a preponderance of the evidence that Defendant breached its duty of care to Bosworth before or after his April 8, 2012 fall, or that any alleged breach by Defendant was the proximate cause of the broken wrist he suffered that day.

10. Because Bosworth has failed to establish by a preponderance of the evidence that a breach of a duty care occurred that proximately caused his broken wrist, the Court also finds that he has not shown by a preponderance of the evidence that the injuries he later developed were proximately caused by Defendant's alleged failure to properly maintain the softball field.

## III.
## CONCLUSION

In light of the foregoing, the Court finds in favor of Defendant and against Plaintiff. The Court concludes that Plaintiff has failed to show by a preponderance of the evidence that the United States negligently caused his April 8, 2012 injury or other subsequent injuries due to negligent maintenance of the softball field.[2] The Court will enter Judgment accordingly.

DATED: June 20, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[2] In the Final Pretrial Conference Order, the Court describes Bosworth as having one claim for negligence under the FTCA, and another claim for violation of 18 U.S.C. section 4042. [Doc. # 227.] Section 4042 addresses the "Duties of Bureau of Prisons." The statute, however, does not provide for a private cause of action against BOP officials or employees. *Martinez v. United States*, 812 F. Supp. 2d 1052, 1061 (C.D. Cal. 2010) (citing *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) ("[I]f the duty imposed by § 4042 is breached, the prisoner's remedy is an action against the United States, under the Federal Tort Claims Act."). The Court will therefore construe the parties' reference to section 4042 in their proposed orders as being introduced for the purpose of establishing Defendant's duty of care in connection with Bosworth's negligence claim.